UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
'05 DEC 16 P2:38
SOFRON B. NEDILSKY
CLERK

Marshall & Ilsley Corporation,
a Wisconsin Corporation,
770 North Water Street
Milwaukee, WI 53202,

        Plaintiff,

Case No.: 05-C-1302

v.

Marsh USA, Inc.,
a Foreign Corporation,
1031 W 4th Avenue; Suite 400
Anchorage, AK 99501,

Marsh & McLennan,
a Delaware Corporation,
1166 Avenue of the Americas,
New York, NY 10036,

and

Marsh Inc.,
a Delaware corporation,
1166 Avenue of the Americas,
New York, NY 10036

        Defendants.

## COMPLAINT

Plaintiff, Marshall & Ilsley Corporation, by its attorneys, von Briesen & Roper, S.C. for its complaint against Defendants, alleges as follows:

1.     Plaintiff Marshall & Ilsley Corporation ("M&I") is a Wisconsin Corporation with its principal place of business located at 770 North Water Street, Milwaukee, WI 53202. M&I is engaged in the business of providing a variety of banking and financial services.

2. Defendant Marsh USA, Inc., ("Marsh USA") is a foreign corporation with offices located at 1031 W 4th Avenue, Suite 400, Anchorage, Alaska 99501. At all times material to this action, Marsh USA has conducted business and serviced Plaintiff's account in Milwaukee, Wisconsin; Plaintiff paid Marsh USA fees annually to act as its fiduciary broker in recommending and purchasing insurance on its behalf; its registered agent for service of process is CT Corporation System, 8025 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.

3. Defendant Marsh & McLennan Companies, Inc., ("Marsh & McLennan") is a Delaware corporation with its principal place of business located at 1166 Avenue of the Americas, New York, New York 10036; Marsh & McLennan is the parent of Marsh USA and Marsh Inc.; Marsh & McLennan knowingly participated in and derived monies from the breaches of fiduciary duty alleged herein.

4. Defendant Marsh Inc., is a Delaware corporation with its principal place of business located at 1166 Avenue of the Americas, New York, New York 10036; Marsh Inc. has continuously conducted business in the State of Wisconsin and it knowingly participated in and derived monies from the breaches of fiduciary duty alleged herein thereby rendering it liable to Plaintiff. ("Marsh" means collectively all of the corporations which are defendants in this action).

5. There is diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000 inclusive of interest and cost and thus jurisdiction is proper under 28 U.S.C. § 1332.

6. The venue is proper in this court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to this claim occurred in the Eastern District of Wisconsin.

7. At all times pertinent to the issues in this case, Marsh held itself out as exclusively representing insurance purchasers. Marsh represented to M&I that it would solely represent M&I's interests in making insurance placements for M&I.

8. Commencing in 1995 or earlier, M&I retained Marsh to act as its fiduciary in purchasing various insurance policies. For those services, M&I paid substantial annual brokerage fees with the understanding that Marsh would act solely in its interests in recommending and placing insurance policies. M&I further expected and understood that defendants would meet M&I's needs at the lowest possible price and that Marsh would act solely in the best interest of M&I in procuring its policies.

9. Unbeknownst to M&I, Marsh embarked on a scheme commencing in the early 1990s in violation of its fiduciary duties to M&I. Specifically, Marsh entered into agreements with insurance companies whereby the insurance companies agreed to pay Marsh monies in consideration for Marsh's pledge to direct business to them. These agreements were referred to by various names such as "placement service" or "market service" agreements (the "Kickback Agreements"). The Kickback Agreements were, among other things, based on: (1) placement of insurance policies with specific insurance companies; (2) renewal rates; and (3) profitability of business placed.

10. Marsh directed M&I to make its premium payments through Marsh rather than directly to the insurance companies. Accordingly, M&I transferred funds to Marsh. Unbeknownst to M&I, Marsh did not immediately forward the premium payments to insurers. Instead, Marsh directed M&I's premium payments to a unit within Marsh where it knew and understood it would earn interest on M&I's premium payments. Marsh's 2003 annual report acknowledged and referred to this revenue as "fiduciary interest income".

## COUNT I – BREACH OF FIDUCIARY DUTY

11. M&I realleges and incorporates herein paragraph numbers 1-10.

12. As M&I's insurance agent, Marsh owed M&I a fiduciary duty of the utmost good faith, honesty, and loyalty in advising, negotiating, and placing insurance on its behalf. Marsh owed M&I a fiduciary duty to make a full disclosure of all material facts and to derive no hidden profits from their relationship with M&I.

13. Marsh breached its fiduciary duties to M&I and acted in bad faith when it placed insurance on M&I's behalf with insurers with which they had Kickback Agreement for the purpose of receiving kickbacks and by failing to fully disclose the terms and conditions of those Agreements.

14. Marsh breached its fiduciary duties to M&I and acted in bad faith by not disclosing that Marsh was earning interest on M&I's premium payments and in not paying the interest earned on premium checks to M&I.

15. As a result of defendants' breach of fiduciary duties, M&I sustained damages for which it is entitled to recover in an amount of monies which represents the difference between what it paid for insurance and what it would have paid absent those breaches.

## COUNT II – DISGORGEMENT – RESTITUTION

16. M&I realleges and incorporates herein paragraphs numbers 1-15.

17. M&I is entitled to restitution of the monies paid to defendants as brokerage fees from the inception of defendants breach of their fiduciary duties to Plaintiff, together with disgorgement of all kickbacks received by Marsh from insurance companies, interest Marsh derived on plaintiff's premium payments, and any other hidden in kind consideration or profits which were received in the course of defendants' fiduciary representation of M&I plus prejudgment interest, costs and attorneys fees.

## COUNT III – PUNITIVE DAMAGES

18. Plaintiff realleges and incorporates herein paragraph numbers 1 through 17.

19. The actions and inactions of Marsh in violation of its fiduciary duties to plaintiff were an intentional disregard for the rights of plaintiff and others thereby entitling plaintiff to punitive damages in an amount to be determined at trial.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages against defendants as well as the equitable relief of restitution, attorneys' fees, costs and such other relief as the court may deem necessary.

Dated this 16th day of December, 2005.

von BRIESEN & ROPER, S.C

*[signature]*

Frank L. Steeves, SVN 1004602
Randall D. Crocker, SBN 1000251

**P.O. ADDRESS:**
411 East Wisconsin Avenue
P.O. Box 3262
Milwaukee, WI 53201-3262
Phone: (414) 276-1122
Fax:    (414) 276-6281

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

20297759_2.DOC